IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAIJA THURSTON and KATHLEEN MONAHAN, individually and on behalf of those similarly situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:10-cv-0249 |
| v. | § § | Collective Action Complaint. |
| TEXAS AMERICAN BUSINESS MAMAGEMENT, L.P. d/b/a AMERICAN BUSINESS MAMAGEMENT, L.P.; TELESOURCE, INC. and JIMMY K. WALKER II, individually. | § § § § § § § | Jury Demanded |
| Defendants. | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs Maija Thurston and Kathleen Monahan, individually and on behalf of all others similarly situated ("Plaintiffs" and "Class Members" herein), bring this Fair Labor Standards Act ("FLSA"), collective action against the above-named Defendants and show as follows:

## I.   NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA by failing to pay Plaintiffs, and the other similarly situated nonexempt employees ("Class Members") one-and-one-half times their regular rates of pay for all hours worked within a workweek in excess of forty hours. Specifically, Defendants had a policy, pattern, or practice of not permitting Plaintiffs and the Class Members to accurately record their actual hours of work and/or altered the reported hours which resulted in systematic underpayment or non-payment of overtime wages. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

3. Plaintiff Maija Thurston is an individual who resides in this judicial district. Her consent to be a party to this action is on file with the Court.

4. Plaintiff Kathleen Monahan is an individual who resides in this judicial district. Her consent to be a party to this action is on file with the Court.

5. Defendant Texas American Business Management, L.P. d/b/a American Business Management, L.P. ("AMB" or "Defendant") is a foreign corporation licensed to do business in the state of Texas. AMB may be served through its counsel of record.

6. Telesource, Inc. is a Texas Corporation and has already appeared in this lawsuit.

7. Defendant Jimmy Walker, Jr. ("Walker") is an owner/operator of AMB and Telesource, Inc. and can be served through his counsel of record.

## III.   JURISDICTION

8. This Court has jurisdiction over this case because Plaintiffs have asserted a claim arising under federal law.

## IV.   VENUE

9. Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District.

## V.   COVERAGE

10. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.   FACTS

14. Defendants operate several offices in the Northern District of Texas which sell insurance and medical savings plans over the telephone. Plaintiffs and Class Members were hourly paid

employees who worked in Defendants offices selling Defendants products over the telephone and/or assisting in selling Defendants products.

15. Defendant Jimmy K. Walker II regularly and routinely directed Plaintiffs and Class Members work. He is/ was responsible for setting payment policies and practices with regard to Plaintiffs and the Class Members.

16. Plaintiffs Thurston and Monahan were employed by Defendants within the three years prior to filing this Complaint.

17. Plaintiffs and Class Members routinely worked over 40 hours per week but were not paid time and-a-half of their regular rates of pay for hours worked over forty. Plaintiffs and the Class Members were not paid overtime because Defendants directed Plaintiffs and the Class Members to inaccurately report their hours of work or altered time records to deprive employees of overtime pay.

18. Defendants routinely suffered, permitted and/ or instructed Plaintiffs and other Class Members to work more than 40 hours per workweek. Defendants failed to pay these individuals time and one half their regular rate of pay for hours worked in excess of 40. Accordingly, Defendants' pattern or practice of failing to pay these employees in accordance with the FLSA was and is in willful violation of the FLSA.

## VII.  COLLECTIVE ACTION ALLEGATIONS

19. Defendants employ or have employed other individuals who are similarly situated to Plaintiffs in that they were paid on an hourly basis, not allowed to accurately report their time worked and have been denied overtime pay by Defendants ("Class Members").

20. Defendants have suffered, permitted, and/or required Class Members to work in excess of forty hours per week.

21. Plaintiffs were subject to the same pattern or practice of Defendants' denying them correct overtime payment as Class Members by not allowing them to record their actual hours of work or by altering their time records.

22. Plaintiffs and Class Members regularly work or worked in excess of forty hours during a workweek and were not permitted to accurately record their actual hours of work.

23. As such, the Class Members are similar to Plaintiffs in terms of job duties and pay provisions in that they are hourly paid employees who sold Defendants' insurance and products over the phone.

24. The Class Members are similar to Plaintiffs in the denial of overtime pay when required to work over forty hours in a workweek.

25. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members.

26. Plaintiffs' experiences are typical of the experience of Class Members.

27. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Class Members.

## VIII. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28.     During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates no less than one and one-half times the regular rates for which they were employed.  Defendants have acted willfully in failing to pay Plaintiffs in accordance with the law.

## IX.    RELIEF SOUGHT

29.     WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

    a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs; and

    b.      For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

    c.      For an Order awarding Plaintiffs (and those who have joined in the suit) their attorneys fees; and

    d.      For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

  /s/ J. Derek Braziel
**J. Derek Braziel**
Texas Bar No. 00793380
**Meredith Mathews**
Texas Bar No. 24055180
**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
214-749-1400 (phone)
214-749-1010 (fax)
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 10th day of March, 2010.

  /s/ J. Derek Braziel
J. Derek Braziel